UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osber Gabriel IZAAC UTUY,<br><br>                              Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>                              Respondents. | Case No.:  26-cv-1007-AGS-BLM<br><br>**ORDER REQUIRING RETURN** |

    Petitioner Osber Izaac Utuy seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

    In 2024, "before the age of 18 and without parental supervision," Izaac Utuy "entered the United States." (ECF 4, at 2.) He later applied for protection under the "Trafficking Victims Protection Reauthorization Act" and for "Special Immigrant Juvenile Status." (*Id.*) Then, on "January 29, 2026," he "was arrested" by Immigration and Customs Enforcement as "he was driving through" a checkpoint while "visiting friends." (*Id.*) He now challenges the government's decision to subject him to "mandatory detention" under "8 U.S.C. § 1225(b)(2)(A)" as an "arriving alien[]." (*Id.* at 3.) He asserts his case is instead governed by "§ 1226," which authorizes release on bond or conditional parole. (*Id.* at 1.)

    This challenge merits a response. The two Courts of Appeals to address this question disagreed about how to interpret the issue. *Compare Castañon-Nava v. United States Dep't*

1

*of Homeland Sec.*, 161 F.4th 1048, 1060, 1062 (7th Cir. 2025) (concluding "on this preliminary [motion-to-stay] record" that plaintiffs who are "unlawfully already in the United States" are not "subject to mandatory detention under § 1225(b)(2)(A)"), *with Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (holding that, under § 1225(b)(2)(A), petitioners who entered the United States "illegally many years ago" must "be detained" without a bond hearing). But most petitioners have nonetheless obtained habeas relief in functionally identical cases. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"). And a district court recently "vacate[d]" the Board of Immigration Appeals decision that respondents have regularly relied on to mandatorily detain those in Singh's position, holding that the BIA decision was "contrary to law" under the Administrative Procedure Act. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, __ F. Supp. 3d __, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

In addition, respondents have routinely conceded these claims when brought by those—like petitioner—who seem to be members of the Bond Eligible Class certified in that same case. *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025). So, by **Monday, February 23, 2026**, the government is ordered to file a brief stating whether it: (1) agrees petitioner is detained under 8 U.S.C. § 1226 and (2) intends to concede petitioner's right to a bond hearing under that authority. If respondents do not concede, they must answer the petition by February 26, 2026.

Dated:  February 19, 2026

_____
Hon. Andrew G. Schopler
United States District Judge